Evan Livingstone SBN 252008
182 Farmer's Lane, Suite 100A
Tel. (707) 571-8600
Fax. (707) 676-9112
Email: evanlivingtone@sbcglobal.net

Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: )<br>)<br>MAURICE A HORN )<br>    Debtor )<br>)<br>MAURICE A HORN )<br>    Plaintiff )<br>    v. )<br>JACQUELINE KING )<br>    Defendant )<br>) | Case No. 09-12314<br><br>Chapter 13<br><br><br><br>AP No. 09-1085 |

**AMENDED COMPLAINT FOR DAMAGES
RESULTING FROM VIOLATION OF AUTOMATIC STAY**

JURISDICTION

THE Plaintiff filed this case under Chapter 13 of the Bankruptcy code on July 24, 2009. David Burchard is the Chapter 13 Trustee assigned to this case. This Court has jurisdiction over this action under 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §§157(b).

FACTS ALLEGED

On July 22, 2009, Defendant filed an unlawful detainer action against Plaintiff.

On July 24, 2009, well before judgment was taken in the unlawful detainer case, Plaintiff filed for protection under Chapter 13 of the bankruptcy code. Plaintiff's counsel faxed a copy of the Notice of Bankruptcy Filing for Plaintiff's case to Defendant's unlawful detainer attorney.

Also on July 24, 2009, Plaintiff's counsel called Defendant Jacqueline King and informed her that Plaintiff had filed for bankruptcy and the Automatic Stay prevented her from taking any further action against Plaintiff's property. Defendant informed Plaintiff's counsel that her position was the stay only protected Plaintiff's residence and that she would continue to proceed against Plaintiff's tenants who occupy a separate building on the property. Plaintiff's counsel informed Defendant that *any* action against Plaintiff's property would be a violation of the automatic stay, and that Defendant should refrain from proceeding against any residents of Plaintiff's property until received permission to continue from the bankruptcy court. Defendant replied that she "would take her chances." Defendant sent Plaintiff's counsel an email that same day, implicitly acknowledging the bankruptcy stay by stating "I will be filing a motion in bankruptcy court on Monday to obtain permission to continue the eviction of Mo Horn from my property located at 18350 Arnold Drive." (See Email from Defendant dated July 24, 2009).

On July 26, 2009, <u>in violation of the automatic stay</u>, Defendant caused Plaintiff's co-resident and partner Kezia Villias-Martinis to be served with the unlawful detainer lawsuit. The person serving the documents struck Ms. Villias-Martinis in the head with the documents. Ms. Villias-Martinis filed a report with the Sonoma County Sheriff.

On August 5, 2009, Defendant Jacqueline King filed a motion for relief from the automatic stay. A hearing on Defendant's motion has been set for August 27, 2009 at 9:00 AM.

On August 20, 2009, Defendant Jacqueline King, <u>in violation of the automatic stay,</u> caused her agent Gino Corsi to scale the fence of Defendant's property and serve Plaintiff's tenant Alan Bryson with a 24 Hour Notice of Intent to Inspect the Premises at 18350 Arnold Dr. .

On August 20, 2009, Plaintiff's attorney emailed Defendant and warned her she was violating the automatic stay. Defendant Jacqueline King emailed Plaintiff's attorney stating "I will be entering the house and the garage apartment with a number of people accompanying me

tomorrow including law enforcement, security personnel, and a locksmith at 1 pm unless you have a court order that says otherwise." (See Jacqueline King email of August 20, 2009)

On August 21, 2009, Defendant emailed Plaintiff's attorney and informed him that "I will be there at 1pm en force." (See Jacqueline King email of August 21, 2009)

On August 21, 2009, Plaintiff obtained from the court a Temporary Restraining Order enjoining Defendant from interfering in any way with Plaintiff's property, and ordering Plaintiff to appear on August 27, 2009. Plaintiff's counsel personally served Defendant with a the court's TRO that same day.

On August 27, 2009, the court granted relief from stay to Defendant not waiving the ten day stay.

Between July 24, 2009 when the automatic stay went into effect and August 27, 2009, when the court granted Defendant's motion for relief from the stay, Plaintiff incurred $2,750 in attorneys fees as result of Defendant's violation of the automatic stay:. (See attached summary of attorneys fees.)

**<u>Plaintiff is entitled to Attorneys Fees for Plaintiff's Willful Violation of Automatic Stay</u>**

11 United States Code §362 (k) (1) provides that ". . . an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.'

In this instance Plaintiff has incurred actual damages in attorneys fees in the amount of $2,750 protecting himself from Plaintiff's willful violations of the automatic stay.

//

//

//

1    WHEREFORE, Plaintiff prays for:

2        A judgment for attorneys fees incurred by Plaintiff defending himself against the

3   Defendant's violation of the automatic stay in the amount of $2,750.

4        And /Or for such other and further relief as the Court deems just and proper.

6   Dated: October 24, 2009         *Evan Livingstone*
                                        _____

7                                         Evan Livingstone
                                        Attorney for Plaintiff Maurice A Horn



### MO HORN BANKRUPTCY

Friday, July 24, 2009 6:17 PM

**From:** "jacqui_king" <jacqui_king@msn.com>
**To:** "Evan Livingstone" <evanlivingstone@sbcglobal.net>

Mr. Livingstone,

This is to notify you that I will be filing a motion in bankruptcy court on Monday to obtain permission to continue the eviction of Mo Horn from my property located at 18350 Arnold Drive.

I have actually done this before, and it only delays the eviction a week or so.

You will find that Mo is not much more cognizant that Elena Marcus was, so this should be fun!

I give you my permission to notify me of any action on this matter by email.

Jacqui King

# 3-DAY NOTICE
## TO PAY RENT OR QUIT (C.C.P. SEC. 1161)

TO: THE GARAGE APARTMENT TENANT AND TO ALL PERSONS IN POSSESSION OF THE PREMISES COMMONLY DESCRIBED AS 18350 ARNOLD DRIVE, SONOMA, CA, 95476, SITUATED IN THE UNINCORPORATED AREA OF THE COUNTY OF SONOMA, STATE OF CALIFORNIA:

WITHIN THREE DAYS AFTER SERVICE ON YOU OF THIS NOTICE YOU ARE HEREBY REQUIRED TO PAY RENT IN THE AMOUNT OF $600.00 FOR THE MONTH OF AUGUST.

USE OF THE BACK YARD WILL BE INCLUDED IN YOUR RENTAL. IF YOU DESIRE A LEASE, PLEASE CONTACT ME TO DISCUSS THE TERMS.

*THIS PROPERTY HAS BEEN FORECLOSED AND I AM THE NEW OWNER. MAURICE HORN IS NOT THE OWNER OF THIS PROPERTY – DO NOT PAY YOUR RENT TO HIM! IT IS FRAUD FOR HIM TO COLLECT RENT ON PROPERTY THAT HE DOES NOT OWN AND HE WILL BE PROSECUTED FOR DOING SO. HE IS BEING EVICTED AND WILL BE MOVING OUT NEXT MONTH.*

I CAN BE REACHED AT 707-996-6644. PAYMENT MUST BE MADE IN PERSON BETWEEN THE HOURS OF 9 AM TO 5 PM MONDAY TO FRIDAY AT 17380 KEATON AVENUE, SONOMA, CA, 95476 OR AT OTHER APPOINTMENT TIME AS MAY BE SET BY AGREEMENT.

IF YOU DO NOT COMPLY WITH THE TERMS OF THIS NOTICE, YOU MUST

**QUIT AND DELIVER UP THE POSSESSION OF THE PREMISES**

BY MOVING OUT OF THE GARAGE APARTMENT BY

**_5 PM ON SATURDAY AUGUST 1, 2009_**.

YOU ARE FURTHER NOTIFIED THAT IF YOU DO NOT COMPLY WITH THE ABOVE, THE UNDERSIGNED DOES HEREBY ELECT TO INSTITUTE LEGAL PROCEEDINGS AGAINST YOU TO RECOVER ALL RENT, FEES, AND COSTS ACCRUED AND POSSESSION OF SAID PREMISES.

DATED: JULY 28, 2009        SIGNED: _[signature]_
                            JACQUELINE KING, NEW OWNER



**Re: Notice - You are violating automatic stay by attempting to inspect property at 18350 Arnold Dr**

Thursday, August 20, 2009 5:40 PM

**From:** "jacqui_king" <jacqui_king@msn.com>
**To:** "Evan Livingstone" <evanlivingstone@sbcglobal.net>
**Cc:** "SUSAN COHEN" <HapeeTrails@Comcast.net>, ortonlaw@comcast.net
1 File (179KB)


FORECLOSU

**Mr. Livingston,**

**My former attorney, Mr. Orton, told me that what you have claimed with regard to the automatic stay is absolutely not true.**

**He told me that you are not a bankruptcy attorney and that you do not know what you are talking about.**

**He told me that I have the right to fully inspect 'MY' property by entering the common areas of 'MY' property without notice, and inspect the private areas of 'MY' property with a 24-Hour notice. He said that I also have the right to make improvements and repairs to 'MY' property without notice and to post notices as necessary. The sheriff has already confirmed that this is the case.**

**If you have caselaw that states otherwise, please forward it to me.**

**All of the caselaw that I have read fully supports me in 'MY' rights to use 'MY' property as I see fit, pursuant to California Law.**

**Foreclosure is now complete and there is no right of redemption for non-judicial foreclosure in California.**

**The courts have held that Horn's equitable interest in the property was lost when the "gavel came down" at the foreclosure sale.**

**Please be advised that your attempt to delay the Horn eviction by mis-advising your client that he has any ownership interest in 'MY' property and by filing a fraudulent bankruptcy petition on his behalf creates a liability on your part that I will pursue vigorously. Your actions have already caused an assault on me and an assault on my workers.**

**I am attaching a recent case that makes it abundantly clear that this is 'MY' property and 'MY' property alone and not a part of the Horn Bankruptcy Estate. Now you will be prevented from claiming ignorance when you answer to a jury for your misdeeds.**

**I will be entering the house and the garage apartment with a number of people accompanying me tomorrow including law enforcement, security personnel, and a locksmith at 1 pm unless you have a court order that says otherwise.**

**If you try to interfere, I will have you arrested.**

**Jacqui King**

> ----- Original Message -----
> **From:** Evan Livingstone

Case: 09-01085    Doc# 10    Filed: 10/24/09    Entered: 10/24/09 13:14:55    Page 7 of 20

**To:** Jacqueline King
**Sent:** Thursday, August 20, 2009 4:32 PM
**Subject:** Notice - You are violating automatic stay by attempting to inspect property at 18350 Arnold Dr

Dear Ms. King:

You have been advised that the automatic stay in Maurice Horn's bankruptcy case protects the entire property at 18350 Arnold Dr, Sonoma.

Today you violated the automatic stay again by using one of your agents Gino Corsi to serve one of Mr. Horn's tenants with a 24 hour notice of your intention to inspect the property.

Your actions are a violation of the automatic stay. Do not enter the property or send any of your agents over there.

Evan Martyndale Livingstone, Esq.
182 Farmers Lane, Suite 100-A
Santa Rosa, CA 95405
Tel (707) 571-8600
Fax (707) 676-9112
evanlivingstone@sbcglobal.net

Case: 09-01085    Doc# 10    Filed: 10/24/09    Entered: 10/24/09 13:14:55    Page 8 of 20



### Re: Notice - You are violating automatic stay by attempting to inspect property at 18350 Arnold Dr

Friday, August 21, 2009 8:06 AM

**From:** "jacqui_king" <jacqui_king@msn.com>
**To:** "Evan Livingstone" <evanlivingstone@sbcglobal.net>

**I will be there at 1pm en force. You are welcome to attend.**

----- Original Message -----
**From:** Evan Livingstone
**To:** jacqui_king
**Sent:** Thursday, August 20, 2009 9:53 PM
**Subject:** Re: Notice - You are violating automatic stay by attempting to inspect property at 18350 Arnold Dr

Your foreclosure sale was not valid for the reasons explained in debtor's complaint. You didn't notice the sale properly, the amount of interest you charged was usurious and you did not credit Mr. Horn for the work he did on your house or the garage sales you held at his house.

You have a motion for relief from stay calendered for next Thursday. If the judge gives you relief then you can conduct your inspections. In the mean-time, stay away.

Evan Martyndale Livingstone, Esq.
Law Offices of Michael A Fiumara
182 Farmers Lane, Suite 100-A
Santa Rosa, CA 95405
Tel (707) 571-8600
Fax (707) 676-9112
evanlivingstone@sbcglobal.net

Evan Martyndale Livingstone, Esq.
Beck Law PC
2681 Cleveland Avenue
Santa Rosa CA 95403
Tel (707) 576-7175
Fax (707) 676-9112
evanlivingstone@sbcglobal.net

--- On **Thu, 8/20/09, jacqui_king *<jacqui_king@msn.com>*** wrote:

> From: jacqui_king <jacqui_king@msn.com>
> Subject: Re: Notice - You are violating automatic stay by attempting to inspect property at 18350 Arnold Dr
> To: "Evan Livingstone" <evanlivingstone@sbcglobal.net>
> Cc: "SUSAN COHEN" <HapeeTrails@Comcast.net>, ortonlaw@comcast.net
> Date: Thursday, August 20, 2009, 5:40 PM
>
> **Mr. Livingston,**
>
> **My former attorney, Mr. Orton, told me that what you have claimed with regard to the automatic stay is absolutely not true.**
>
> **He told me that you are not a bankruptcy attorney and that you do not know what you are talking about.**

**He told me that I have the right to fully inspect 'MY' property by entering the common areas of 'MY' property without notice, and inspect the private areas of 'MY' property with a 24-Hour notice. He said that I also have the right to make improvements and repairs to 'MY' property without notice and to post notices as necessary.** The sheriff has already confirmed that this is the case.

If you have caselaw that states otherwise, please forward it to me.

All of the caselaw that I have read fully supports me in 'MY' rights to use 'MY' property as I see fit, pursuant to California Law.

Foreclosure is now complete and there is no right of redemption for non-judicial foreclosure in California.

The courts have held that Horn's equitable interest in the property was lost when the "gavel came down" at the foreclosure sale.

Please be advised that your attempt to delay the Horn eviction by mis-advising your client that he has any ownership interest in 'MY' property and by filing a fraudulent bankruptcy petition on his behalf creates a liability on your part that I will pursue vigorously. Your actions have already caused an assault on me and an assault on my workers.

I am attaching a recent case that makes it abundantly clear that this is 'MY' property and 'MY' property alone and not a part of the Horn Bankruptcy Estate. Now you will be prevented from claiming ignorance when you answer to a jury for your misdeeds.

I will be entering the house and the garage apartment with a number of people accompanying me tomorrow including law enforcement, security personnel, and a locksmith at 1 pm unless you have a court order that says otherwise.

If you try to interfere, I will have you arrested.

Jacqui King

> ----- Original Message -----
> **From:** Evan Livingstone
> **To:** Jacqueline King
> **Sent:** Thursday, August 20, 2009 4:32 PM
> **Subject:** Notice - You are violating automatic stay by attempting to inspect property at 18350 Arnold Dr
>
> Dear Ms. King:
>
> You have been advised that the automatic stay in Maurice Horn's bankruptcy case protects the entire property at 18350 Arnold Dr, Sonoma.
>
> Today you violated the automatic stay again by using one of your agents Gino Corsi to serve one of Mr. Horn's tenants with a 24 hour notice of your intention to inspect the property.
>
> Your actions are a violation of the automatic stay. Do not enter the property or send any of your agents over there.
>
> Evan Martyndale Livingstone, Esq.
> 182 Farmers Lane, Suite 100-A
> Santa Rosa, CA 95405

Tel (707) 571-8600
Fax (707) 676-9112
evanlivingstone@sbcglobal.net

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MAURICE A. HORN,                                        No. 09-12314

                                  Debtor(s).
_____/

MARICE A. HORN,

                                  Plaintiff(s),

                 v.                                       A.P. No. 09-1085

JACQUELINE KING,

                                  Defendant(s).
_____/

ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER
_____

TO JACQUELINE KING, Defendant:

      YOU ARE ORDERED TO APPEAR before this court, located at 99 South E Street, Santa Rosa, California, at 9:00 A.M. on August 27, 2009, then and there to show cause, in any you have, why you should not be enjoined during the pendency of this adversary proceeding, from appearing at or in any way interfering with the debtor's possession of that property known as 18350 Arnold Drive, Sonoma, California, including the collection of rents.

1

PENDING SAID HEARING, you shall not appear at said property or the vicinity thereof, nor shall you interfere with the debtor's possession of that property in any way, including any attempt to collect rents or any prosecution of unlawful detainer proceedings.

Dated: August 21, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

2

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: August 21, 2009                    By :            Katie Andersen
                                                          Katie Andersen
                                                          Deputy Clerk

Jacqueline King
17380 Keaton Ave
Sonoma, CA 95476

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MAURICE A. HORN,                                                         No. 09-12314

                              Debtor(s).
_____/

ORDER GRANTING RELIEF FROM AUTOMATIC STAY
_____

      The motion of Jacqueline King for relief from the automatic stay came on for hearing this date. Evan Livingstone, Esq., appeared for the debtor. Jacqueline King appeared for herself.

      King asserts rights as owner of the property after foreclosure. The debtor asserts that such foreclosure was unlawful and that King has violated state law. Such issues are not properly considered in a stay relief motion, as the moving party need only demonstrate a colorable right; the validity of underlying claims is not litigated. *In re Johnson*, 756 F.2d 738, 740 (9th Cir.1985); *In re Robbins*, 310 B.R. 626, 631 (9th Cir. BAP 2004).

      For the foregoing reasons, IT IS ORDERED that the motion is granted, and King may proceed to gain possession of the real property at 18350 Arnold Drive, Sonoma, California, unless enjoined from doing so by another court.

      PROVIDED, HOWEVER, that this order is made without prejudice to any rights or defenses the debtor may have under state law, whether asserted as a defense, a counterclaim, or in a separate

1  action; and

2  PROVIDED FURTHER that this order does not excuse King from any liability for any actions
3  taken before the effective date of this order.

4  The stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not
5  waived.

6  Dated: August 27, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

2

| | |
|---|---|
| 1 | CERTIFICATE OF MAILING |
| 2 | The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of |
| 3 | California hereby certifies that a copy of the attached document was mailed to all parties listed below |
| 4 | |
| 5 | as required by the Bankruptcy Code and Rules of Bankruptcy Procedure. |

*Dawn Passalacqua*
Dawn Passalacqua
Deputy Clerk

Dated: Aug 25, 2009

Maurice A Horn
18350 Arnold Dr
Sonoma, CA 95476

3



### Re: Order on Motion for Relief - Relief is stayed for 10 days. You must wait 10 days before proceeding!

Friday, August 28, 2009 4:26 PM

**From:** "jacqui_king" <jacqui_king@msn.com>
**To:** "Evan Livingstone" <evanlivingstone@sbcglobal.net>

**Wrong again.  I may not take action against Horn for 10 days.**
**I may take any action toward 'MY' property that I see fit.**
**The stay only applies to Horn and does not extend to the property or the other squatters on the property.**
**See *In Re Smith 105 BR 50* you ignorant moron.**

> ----- Original Message -----
> **From:** Evan Livingstone
> **To:** Jacqueline King
> **Sent:** Friday, August 28, 2009 9:06 AM
> **Subject:** Order on Motion for Relief - Relief is stayed for 10 days. You must wait 10 days before proceeding!
>
> Dear Ms. King:
>
> Attached is the judge's order on your motion for relief from automatic stay. The order provides: "King may proceed to gain possession of the real property at 18350 Arnold Drive, Sonoma, California, unless enjoined from doing so by another court."
>
> However the judge also provided that "The stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is not waived."
>
> FRBP 401(a)(3) provides "An order franting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise."
>
> This means that you may not take any action against Mr. Horn's property for 10 days from the date of the order, i.e. until September 6, 2009.
>
> Any action you take before that time will be void and will subject you to further liability for violating the automatic stay.
>
> Evan Martyndale Livingstone, Esq.
> Law Offices of Michael A Fiumara
> 182 Farmers Lane, Suite 100-A
> Santa Rosa, CA 95405
> Tel (707) 571-8600
> Fax (707) 676-9112
> evanlivingstone@sbcglobal.net
>
> Evan Martyndale Livingstone, Esq.
> Beck Law PC
> 2681 Cleveland Avenue
> Santa Rosa CA 95403
> Tel (707) 576-7175
> Fax (707) 676-9112
> evanlivingstone@sbcglobal.net

Case: 09-01085    Doc# 10    Filed: 10/24/09    Entered: 10/24/09 13:14:55    Page 18 of 20

| Date | Description of Services | Hours |
|---|---|---|
| 7/27/09 | conversation client re incident on Sunday | 0.80 hours |
| 7/27/09 | called Kezia and got statement, revised request for CHO | 0.50 hours |
| 7/27/09 | Prepared notice of stay for filing with court, faxed to lawyer for JQ | 0.60 hours |
| 7/28/09 | Conversation with client re Kezia No notice of sale on house, mislead and negotiating, bk | 1.00 hours |
| 7/30/09 | reviewed voicemail, re 225-4690 | 0.10 hours |
| 7/30/09 | conversation with client re JQ offering tenants reduced rent, threatening to evict Kezia and Maurice | 0.30 hours |
| 7/30/09 | telephoned Sonoma County Sheriff left message for Matt Parloto | 0.10 hours |
| 7/31/09 | reviewed email message re Allan Bryson and rent | 0.10 hours |
| 8/5/09 | Drafting complaint | 3.00 hours |
| 8/7/09 | conversation re complaint details | 0.50 hours |
| 8/20/09 | phone conversation re latest violation | 0.50 hours |
| 8/22/09 | Drafting ex-parte application for emergency order | 1.00 hours |
| 8/22/09 | property visit, talked to tenants, delivered TRO | 0.60 hours |
| 8/24/09 | filed supplementary docs for TRO | 0.60 hours |
| 8/24/09 | Served TRO on JK | 1.10 hours |
| 8/26/09 | filed supplementary docs for TRO | 0.20 hours |
| | Total Hours | 11.00 hours |
| | Hourly Rate | $ 250 |
| | Total Attorneys Fees | $ 2,750 |