UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MAURICE A. HORN,                                    No. 09-12314

                           Debtor(s).
_____/

MAURICE A. HORN,

                           Plaintiff(s),

                           v.                                    A.P. No. 09-1085

JACQUELINE KING,

                           Defendant(s).
_____/

Memorandum After Trial
_____

      Prior to bankruptcy, defendant Jacqueline King foreclosed on the real property of Plaintiff and Chapter 13 debtor Maurice Horn. She was the purchaser at the foreclosure sale, and thereafter commenced state court unlawful detainer proceedings against Horn. On July 24, 2009, which was two days after the unlawful detainer proceedings were commenced, Horn filed his Chapter 13 petition.

      King was duly notified of the bankruptcy by Horn's counsel. On August 20, 2009, with full knowledge of the bankruptcy, she cause to be posted on the property a 24-hour Inspection Notice

1

signed by her, addressed to Horn and stating, in part: "THIS PROPERTY HAS BEEN FORECLOSED AND I AM THE NEW OWNER . . . . AT THE TIME OF INSPECTION, A PERSON OF AT LEAST 18 YEARS OF AGE MUST B PRESENT TO ALLOW ACCESS. IF THERE IS NO PERSON OF AT LEAST 18 YEARS OF AGE PRESENT TO ALLOW ACCESS, THE FRONT DOOR LOCK WILL BE REMOVED AND REPLACED AT YOUR EXPENSE."

King admits the above facts. Her defense is that she was the legal owner of the property, so she was free to inspect it, and that inspection was necessary because of dangerous conditions. Horn argues that her posting of the notice was a violation of the automatic stay. He seeks damages pursuant to § 362(k)(1) of the Bankruptcy Code.[1]

King is correct that she was the owner of the property, but Horn was still in possession. Accordingly, her posting of the notice was a violation of § 362(a)(3) of the Code, which prohibits any act to exercise control over property of the estate. A debtor's possessory interest in residential real property constitutes property of the estate within the meaning of § 541(a)(1). *In re Convenient Food Mart No. 144, Inc.*, 968 F.2d 592 (6th Cir.1992); *In re Atlantic Business and Community Corp.*, 901 F.2d 325, 328 (3d Cir.1990)[ "possession of property, even under a tenancy of sufferance, is an interest protected under § 362(a)(3)"]; *In re 48th Street Steakhouse*, 835 F.2d 427, 430 (2d Cir. 1987)["[i]ndeed, a mere possessory interest in real property, without any accompanying legal interest, is sufficient to trigger the protection of the automatic stay."]. See also *In re Whitt*, 79 B.R. 611 (Bankr.E.D.Pa.1987) [bare possessory interest in property was property of estate]; *In re Maxwell*, 40 B.R. 231 (N.D.Ill.1984) [same]; *In re Lewis*, 15 B.R. 643, 645 n. 5 (Bankr.E.D.Pa.1981) [same]; *In re Dennison*, 50 B.R. 950, 953 n.2 (Bankr.E.D.Pa.1985) [§ 362(a)(1) and (3) barred attempt to gain possession without relief from automatic stay].

King's argument that dangerous conditions on the property justified her conduct does not avail her. Pursuant to § 362(b)(4), inspections are excluded from the automatic stay only when they are

---

[1] The court issued a TRO forbidding the inspection, so it was not actually carried out.

2

conducted by governmental unit. The argument may have been a compelling one in a motion for relief from the automatic stay, but is no defense to an action for violation of the stay.

For the foregoing reasons, the court finds that King violated the automatic stay by posting the notice. The court will award Horn $1,000.00, which were his attorneys' fees incurred as a result of the violation. Horn shall also recover his costs of suit.[2]

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Horn shall submit an appropriate form of judgment forthwith.

Dated: April 29, 2010

                                                        Alan Jaroslovsky
                                                       U.S. Bankruptcy Judge

---

[2] Horn is not entitled to attorney's fees incurred in prosecuting this adversary proceeding. *Sternberg v. Johnston,* 595 F.3d 937 (9th Cir. 2010).

3